NOAH GILMAN *vs.* WILLIAM DWIGHT.

An agreement by the physician of a country village, transferring his practice and good
will to another physician for a certain sum, and guarantieing " that no other physician,
for the space of four years, will establish himself in this place as a competitor, unless
the increased population of the place should warrant it, or unless the purchaser should
commit some act, which shall forfeit to him the confidence of the community," and
agreeing, in case any such competitor shall establish himself there within that time,
contrary to the above provisions, to repay the sum paid, is not void as being in restraint
of trade, nor too uncertain and insensible to support an action.

ACTION OF CONTRACT upon this agreement: " South Deerfield,
March 30th 1853. This is to certify that I, William Dwight,
M. D., of South Deerfield, in consideration of two hundred dollars
paid to me by Noah Gilman, M. D., of Boston, hereby transfer
to the said Gilman my professional business in this place and the
good will of my patrons; obligating myself to relinquish entirely
from this date the practice of medicine in this region, and do
all in my power to introduce said Gilman into business, and to
induce my employers to sustain him.

" I do assure the said Gilman also that for the space of sev-
eral years past I have, with few exceptions, done the medical
business of this town. I also guaranty to the said Gilman that
no other physician, for the space of four years, will establish
himself in this place as a competitor, unless the increased popu-
lation of the place should warrant it, or unless said Gilman
should commit some act which shall forfeit to him the confidence
of the community; and in case such competitor shall, within
the above specified time, locate himself in South Deerfield, con-
trary to the above provisions, I agree to refund to said Gilman
the money paid by him to me as bonus, and interest on the
same.                                     William Dwight."

The declaration alleged that the plaintiff, relying on this
agreement, " established himself in business as a physician in
South Deerfield, and continued there as such physician for the
space of five years, during which time he committed no act to
forfeit the confidence of the community, and did not forfeit such
confidence by any act by him committed, and the increase of

population in South Deerfield did not warrant that another physician should establish himself in such place as a competitor of the plaintiff within the four years mentioned in said agreement."

The declaration then alleged that certain other physicians did, within said period of four years, establish themselves in South Deerfield, and practice there as physicians and as competitors of the plaintiff, to the damage of the plaintiff to the amount mentioned in said agreement, and thereby the plaintiff was injured in his business and prevented in, and deprived of, the care and treatment of patients which would otherwise have been entrusted to him. " And the plaintiff claims a sum of two hundred dollars and interest, to be repaid according to said agreement as such damages; and the defendant owes the same to the plaintiff."

Answer, that the stipulation, for breach of which this action was brought, was illegal and void ; and that if another physician established himself in South Deerfield within the four years mentioned in the agreement, " it was because the plaintiff, by his acts, conduct and method of practice as a physician, and by his acts, conduct and offensive deportment as a citizen of the community on which said plaintiff was dependent for patronage and business, forfeited the confidence of the community, and the people composing said community thereby became alienated from said plaintiff, and employed other physicians "

At the trial in the court of common pleas in Hampshire at June term 1859, upon the reading of the declaration, *Briggs*, J., at the request of the defendant, ruled that the agreement was void, and that no action could be maintained for a breach of it. The plaintiff alleged exceptions.

*S. T. Spaulding*, for the plaintiff.

*G. T. Davis & C. Delano*, for the defendant. The stipulation, " that no other physician for the space of four years will establish himself in this place as a competitor, unless the increased population should warrant it, or unless said Gilman shall commit some act which shall forfeit to him the confidence of the community," cannot be enforced in law. The law will not assist one party to an illegal contract, to recover back money from the other party. *McKee* v. *Manice*, 11 Cush. 358.

This stipulation is not confined to the defendant's own personal competition, but is an agreement to exclude all other physicians from the place in question.   It is therefore unreasonably in restraint of trade, tending to create a monopoly, and prejudicial to the public health; besides being beyond the defendant's power to perform. *Davis* v. *Mason*, 5 T. R. 120. *Nerot* v. *Wallace*, 3 T. R. 22, 23.   *Alger* v. *Thacher*, 19 Pick. 51. Smith on Con. 125–130, and cases cited in notes.

The conditions upon which a breach is predicated are too indefinite, uncertain and insensible.   South Deerfield has no corporate limits.   What must be the population to justify competition ?   What the nature of the act which is to forfeit the confidence of the community ?   How extensive is the " community " whose confidence is to be forfeited ?   Is it the confidence of South Deerfield merely, or of the " region " within which defendant relinquishes his practice ?   And how can such confidence be forfeited " to him " ?

BIGELOW, J.   The agreement on which the plaintiff relies is not open to the objection that it is invalid as being in restraint of trade.   Tried by the tests which are usually applied to ascertain the validity of such agreements, it will be found to contain the essential requisites of a binding contract.

In the first place, it is only in partial restraint of trade.   The defendant did not agree to relinquish entirely the practice of his profession, but only to discontinue it in the place where he had previously resided.   Nor did he agree that no other physician should practice in the village or its vicinity for four years, but only that if a competitor with the plaintiff should establish himself there, he would repay to the plaintiff the sum which he had paid as the price or bonus for the good will and patronage which the defendant sold and undertook to guaranty to the plaintiff.   This was nothing more than an agreement to repay to the plaintiff the sum paid by him to the defendant as upon a failure of consideration, in the event that the benefit of the contract should be lost to the plaintiff by competition in the practice of his profession.

In the second place, the contract was upon an adequate, and

not merely a colorable consideration. And lastly, it was reasonable, that is, the restraint stipulated for was only such as to afford a fair protection to the party in whose favor it was made, and was not so large as to interfere with the interests of the public. *Hitchcock* v. *Coker*, 6 Ad. & El. 438, and 1 Nev. & P. 796. *Mallan* v. *May*, 11 M. & W. 653. *Elves* v. *Crofts*, 10 C. B. 241. *Turner* v. *Evans*, 2 El. & Bl. 511.

There is nothing in the nature of the business or profession to which the contract relates, which takes it out of the ordinary rules applicable to contracts in partial restraint of trade. The cases are numerous in the books, in which similar contracts entered into by attorneys, solicitors, apothecaries, dentists and surgeons have been upheld and enforced. *Whittaker* v. *Howe*, 3 Beav. 383. *Horner* v. *Graves*, 7 Bing. 735, and 5 Moore & Payne, 768. *Hayward* v. *Young*, 2 Chit. R. 407. *Davis* v. *Mason*, 5 T. R. 118. *Atkyns* v. *Kinnier*, 4 Exch. 776. *Nicholls* v. *Stretton*, 10 Ad. & El. N. R. 346. *Sainter* v. *Ferguson*, 7 C. B. 716.

Nor can we say that the terms of the agreement are so indefinite, uncertain and insensible on their face, that a court of law will not attempt to enforce them. We think a jury, aided by a reasonable construction of the contract, will be able to pass on all the questions which may arise in determining whether the defendant is liable for a breach of his stipulations. It would be quite easy and entirely competent to show what was usually known and called as the village of South Deerfield. *Mallan* v. *May*, 13 M. & W. 653. The "community," by forfeiting whose confidence the plaintiff was to lose his right to recover against the plaintiff, interpreted according to the subject matter, would probably be held to be the population residing in the village and its vicinity, among which the defendant practised his profession at the time of his contract with the plaintiff. Conduct on the part of the plaintiff, which should lead to a forfeiture of the confidence of the community in him, might reasonably be construed to be incompetency, immorality or acts of such a nature as to induce reasonable persons to forbear employing him in the practice of his profession. These questions,

however, can be best determined when they shall arise on the testimony at the trial. Without deciding them definitely, we have only indicated the mode in which they would probably be solved, in order to show that the contract is not so uncertain and insensible that it cannot be enforced in a court of law.

*Exceptions sustained.*